RECEIVED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DEC - 5 2011

AT 8:30_____M
WILLIAM T. WALSH
CLERK

EDWARD MOSBERG,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

Civil Action No.: 08-CV-678

**MEMORANDUM
OPINION**

This matter having been opened to the Court by Jonathan Goldstein, Esq., counsel for Defendant, requesting that the Court order the United States of America ("the Government") to provide Defendant with copies of subpoenas the Government has served upon third-parties in this matter; it appearing that:

1. The Court held oral argument, on June 10, 2011, on the then-pending motion to dismiss the Second Superseding Indictment, at which oral argument the Government acknowledged that it had been issuing pre-trial subpoenas to third-parties without leave of Court.   Following oral argument, Defendant submitted a letter brief on June 17, 2011, arguing that the Government's issuance of pre-trial subpoenas violated Federal Rule of Civil Procedure 17(c).

2. The Court held a conference call with the parties on November 15, 2011, during which call the Court directed both parties to file a supplemental letter brief on the propriety of the Government's use of subpoenas in this fashion. The Government and Defendant submitted their briefing on November 17, 2011 and November 18, 2011,

respectively.

3. On November 21, 2011, following the Court's review of that briefing, the Court directed the Government to provide the Court with copies of the subpoenas for this Court's in camera review.

4. Upon review of the subpoenas submitted for in camera review, it is clear that the Government issued two subpoenas in anticipation of a March 23, 2009 trial date, nineteen (19) subpoenas in anticipation of an October 5, 2009 trial date, and five (5) subpoenas in anticipation of an April 1, 2011 trial date. The subpoenas are worded broadly, requiring those subject to the subpoena to provide phone and toll records, and "all documents and materials" relating to certain real estate transactions, for example. Review of the docket confirms that trial dates in this matter were previously set for March 23, 2009, and October 5, 2009, but no April 1, 2011 trial date was ever scheduled.

5. Federal Rule of Civil Procedure  17(c) provides, in pertinent part, that a subpoena duces tecum:

> may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed.R.Civ.P. 17(c)(1).

6. Under this rule, court may require the production of documents prior to trial if the court determines that the moving party has shown that "(1) the subpoenaed

documents are relevant, (2) they are admissible, and (3) they have been requested with adequate specificity." United States v. Hang, 75 F.3d 1275, 1283 (8th Cir. 1996). See also United States v. Nixon, 418 U.S. 683, 700 (1974) ("[the] Prosecutor, in order to carry his burden, must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity"). Moreover, the application must be "made in good faith and . . . not intended as a general fishing expedition." Baylson v. Disciplinary Bd. of Supreme Court of Pennsylvania, 975 F.2d 102, 109 (3d Cir. 1992) (citing Nixon, 418 U.S. at 699-700). These requirements are referred to as the "Nixon requirements."

7. Against this legal backdrop, courts have held that the Government's issuance of subpoenas for discovery purposes, as opposed to trial preparation purposes, and without leave of Court, violates Rule 17(c).[1] See U.S. v. Amirnazmi, 645 F.3d 564, 594 (3d Cir. 2011); United States v. Noriega, 764 F.Supp. 1480, 1494 (S.D.Fla. 1991) cited in Amirnazmi, 645 F.3d at 595; U.S. v. Eye, No. 05-00344-01-CR-W-ODS, 2008 WL 1776400 (W.D.Mo. Apr. 15, 2008). See also U.S. v. Beckford, 964 F.Supp. 1010, 1022 (E.D.Va. 1997) ("[T]he decision whether to [permit] production of the requested documents pre-trial rests ultimately within the sound discretion of the district court."). Indeed, "[t]he requirement of court intervention in the process is not a mere formality. To the contrary, it represents a 'vital protection against misuse or improvident use of

---

[1]     As a technical matter, all materials are to be produced "in court" first, and "[w]hen the items arrive, the court may permit the parties and their attorneys to inspect all or part of them." Fed.R.Civ.P. 17(c). As a practical matter, parties typically request that the Court allow the requesting party to receive the subpoened materials directly. Here, of course, the Court was deprived of the opportunity to grant such a request because the Government proceeded without the Court's imprimatur.

such subpoenas duces tecum." Beckford, 964 F.Supp. at 1022 (quoting United States v. Ferguson, 37 F.R.D. 6, 8 (D.D.C. 1965)).

8. Here, as noted, the Government issued two (2) subpoenas in anticipation of a March 23, 2009 trial date, nineteen (19) subpoenas in anticipation of an October 5, 2009 trial date, and five (5) subpoenas in anticipation of an April 1, 2011 trial date. The sheer number of subpoenas issued, totaling twenty-six (26), is substantial, and the five subpoenas issued in anticipation of the April 1, 2011 "trial date" clearly violate Rule 17(c) because no such trial date had been scheduled. See Amirnazmi, 645 F.3d at 595 (suggesting that inclusion of actual trial date in subpoena is critical).

9. The March 23, 2009 and October 5, 2009 subpoenas, in contrast to the April 1, 2011 subpoenas, did reference an actual trial date on the face of the subpoenas. However, while the March 23, 2009, and October 5, 2009, trial dates had been scheduled before the subpoenas were issued, per The Speedy Trial Act of 1974, 18 U.S.C. § 3161 et seq., my in camera review reveals that the Government issued those subpoenas several months in advance of both of those dates. For the March 23rd date, subpoenas were issued in late January 2009, and for the October 5th date, subpoenas were issued from March 11, 2009 through June 4, 2009. Moreover, the March 23 and October 5, 2009 trial dates were set by court orders that made clear to the Government that there were pending motions that required extensive briefing and consideration by the Court, and that these motions needed to be decided before trial.[2] Thus, I question

---

[2]     See Complex Case Order to Continue dated October 30, 2008 (Docket Entry No. 10) (setting trial date for March 23, 2009 but noting that Defendant's motion

4

whether the Government actually understood either the March 23rd and October 5th trial dates to be dates upon which trial was likely to proceed.

10. In this connection, the Third Circuit explained in <u>Amirnazmi</u> that facially compliant subpoenas may nonetheless violate Rule 17(c). The government, in that case, served trial subpoenas on a custodian of records that required him to appear on a specified date and bring with him copies of the defendant's telephonic communications. <u>Amirnazmi</u>, 645 F.3d at 595. The dates upon which the subpoenas were returnable paralleled the then-scheduled trial dates and, further, stated that the witness was "subject to call" on those dates. <u>Id.</u> Arguing that the issuance of the subpoenas violated Rule 17(c), the defendant contended that the government implicitly understood that the witness would produce the documents prior to trial. While the Third Circuit did not find the government's issuance of subpoenas in that case problematic, the Circuit explained:

> On other facts, such formalistic compliance may be insufficient to mask the government's efforts to make an end run around <u>Nixon</u>. However, the record before us does not demonstrate such an impermissible discovery motive. We therefore conclude that the District Court did not abuse its discretion in admitting the recordings as evidence.

<u>Id.</u> at 595-96.

---

for a bill of particulars was returnable in November 2008 and pretrial motions were returnable on March 13, 2009); Letter Order dated October 31, 2008 (Docket Entry No. 11) (granting Defendant's request to extend briefing date on motion for bill of particulars); Continuance Order dated February 2, 2009 (Docket Entry No. 18) (setting October 5th trial date but noting that Defendant's motion to dismiss was not returnable until May 8, 2009, and any further motions were returnable August 7, 2009).

11. As illustrated by my description of the procedural history of this case, this case may present the type of "other facts" to which <u>Amirnazmi</u> referred. The Government's issuance of the 2009 subpoenas substantially in advance of the trial dates suggests that the Government did not necessarily intend to use the subpoenas for trial preparation, but instead for the impermissible purpose of discovery. <u>See</u> <u>Amirnazmi</u>, 645 F.3d at 595 ("[S]ubpoenas are more likely to be used for impermissible discovery purposes when advance production of materials is sought instead of the usual production at time of trial or other proceeding in which they are to be used in evidence.") (quoting <u>Noriega</u>, 764 F.Supp. at 1493). The breadth of the subpoenas, as well as the language of the subpoenas, which read as discovery requests, further suggest that trial preparation was most likely not the Government's central motive in issuing the subpoenas. Indeed, here, the Government has received documents in advance of the listed trial dates.

12. Moreover, while one could argue that Rule 17(c) does not specify how long before trial a subpoena may be issued, that is because the rule grants the Court discretion, in the first instance, to determine when such subpoenas may be issued and the pre-trial date upon which materials may be returned. By issuing the subpoenas without the Court's imprimatur, the Government deprived the Court of the opportunity to determine those dates.

13. In sum, the Government's issuance of the 2009 subpoenas well in advance of any potential trial date, coupled with the Government's issuance of subpoenas for the non-existent April 1, 2011 trial date, suggests that the Government implicitly

understood or believed it would obtain the subpoenaed materials in advance of trial. Since Rule 17(c) requires court approval for pre-trial production of subpoenaed materials, the Government violated the rule; the question remains as to what is the appropriate remedy for that violation.

14. Before turning to what is an appropriate sanction at this juncture, I first address the parties' arguments regarding prejudice. The Government argues that Defendant has not suffered any prejudice because it turned over to him the documents it received in connection with the April 1, 2011 subpoenas. In response, Defendant argues that he cannot discern whether or not he has been given access to all documents without reviewing the subpoenas themselves. Moreover, Defendant argues, he has not had access to the pre-April 1, 2011 subpoenas in order to determine whether he received copies of documents produced in response to those subpoenas. Thus, Defendant requests that the Court order the Government to turn over copies of all the subpoenas to him, in addition to the materials the Government received in response to the subpoenas.

15. However, the Government argues that Rule 17(c) does not require disclosure, citing United States v. Florack, 838 F. Supp.77, 78 (W.D.N.Y. 1993), and Beckford, supra at 1018. These cases, however, address whether a party (the defendant or the government) who complies with Rule 17(c) by first seeking court approval must provide the other party with copies of the subpoenas. See Florack, 838

7

F.Supp. at 78-80; <u>Beckford</u>, 964 F.Supp. at 1013.[3]  In this case, in contrast, the Government did not first seek court approval of the pre-trial subpoenas, hence the Government cannot seek refuge in a rule with which it failed to comply.

16.  In addition, the Government cites <u>Eye</u>, <u>supra</u>, for the proposition that the inappropriate use of pre-trial subpoenas is a "harmless technical irregularity" worthy only of censure of the Government's actions. The Third Circuit has held, however, that the misuse of subpoenas for discovery purposes warrants a harsher sanction than a mere censure. For example, in <u>In re Grand Jury Subpoena Duces Tecum Dated Jan. 2, 1985 (Simels)</u>, 767 F.2d 26 (2d Cir. 1985), the Third Circuit held that grand jury subpoenas issued after the grand jury had concluded its investigation was an inappropriate attempt to obtain discovery. <u>Id.</u> at 30. In deciding how to sanction the government, the Circuit quashed the subpoenas reasoning that:

> In some circumstances, it may be appropriate to enforce the rule against using a grand jury subpoena predominantly for trial preparation simply by barring use at trial of evidence obtained pursuant to the subpoena, thereby leaving the grand jury's access to the evidence unimpaired. In the circumstances of this case, however, we conclude that quashing is the appropriate remedy.

<u>Id.</u> (internal citations omitted).  While <u>Simels</u> involved grand jury subpoenas, rather than pre-trial subpoenas governed by Rule 17(c), <u>Simels</u> highlights the Third Circuit's

---

[3]      In this connection, the Court notes that Defendant stated at the June 10, 2011 oral argument that he would provide the Court with a case holding that Rule 17(c) requires disclosure even if there has been compliance with the Rule. Defendant, however, provided no such citation in his briefing and the Court's research revealed no such case.

approach of strictly sanctioning the government for violating established rules in order to inappropriately obtain pre-trial discovery in criminal matters.[4]

17. As an initial remedy, I direct the Government to turn over to the Defendant copies of the subpoenas issued because, as noted, it is not clear whether the Government has provided Defendant with copies of all materials received in response to the subpoenas. To the extent that the Government has not provided all materials, the Court further directs it to do so. Once Defendant has reviewed the subpoenas, and the accompanying materials received in response thereto, if he believes that additional sanctions are required, he may then file a motion to that effect and the Court will entertain such an application at that point in time. The Court makes no ruling, at this juncture, as to whether the Government will be precluded from introducing into evidence at trial the materials it has obtained in response to the subpoenas.

---

[4]     In my view, Simels also suggests that a defendant may have standing to challenge the government's inappropriate use of subpoenas to obtain pre-trial discovery. Thus, I disagree with the Government's position that Defendant lacks standing here to challenge the Government's issuance of pre-trial subpoenas. Moreover, while the Government cites U.S. v. Jasper, No. 00 CR. 825, 2003 WL 1107526 (S.D.N.Y. Mar. 13, 2003), for the proposition that a Defendant does not have standing under Rule 17(c) to quash subpoenas, Defendant does not move at this juncture to quash the subpoenas but simply to obtain access to them to confirm that all discovery has been disclosed. The Government, further, cites United States v. Compton, 28 F.3d 1214 Nos. 93-1649, 93-1712, 1994 WL 328303, *3 (6th Cir. Jul. 1, 1994), for the proposition that a defendant may not challenge the validity of a subpoena, but that decision addressed the appropriateness of a district court's decision to grant the government's request to issue a given subpoena. Needless to say, this is not the circumstance here. To the extent that Eye, supra, questions a defendant's standing to challenge a subpoena served on third parties, Eye merely quotes Compton. See Eye, 2008 WL 1776400 at *5. Therefore, I do not find Eye's standing analysis persuasive and do not adopt it.

18.   In addition, based on the Government's actions in this case, the Court questions whether the United States' Attorney office for the District of New Jersey issues pre-trial subpoenas without leave of court as a matter of course.  Indeed, other district offices have engaged in this practice.  See also Eye, 2008 WL 1776400 at *4, *4n.1 (noting that the United States Attorney's Office for the Western District of Missouri considered the issuance of similar subpoenas an acceptable practice).  For this reason, the Court finds it appropriate to hold a hearing on the Government's practice of issuing trial subpoenas.

19.   Accordingly, the Court hereby directs the Government to provide to the Defendant copies of all pre-trial subpoenas issued in this matter, as well as copies of all materials received in response to those subpoenas that have not already been provided to Defendant.  In addition, the Court will hold a hearing on December 21, 2011, at 10 a.m., regarding the Government's issuance and use of pre-trial subpoenas allegedly for trial purposes.  The Government shall provide a written submission regarding its use of trial subpoenas and the manner in which they are issued in accordance with Rule 17(c).  An appropriate Order shall follow.

/s/ Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.

Dated: December 2, 2011